John H. Farnham, J.
This is a motion for an order dismissing the amended complaint upon the ground that it appears on the face thereof that it does not state facts sufficient to constitute a cause of action. This cause was assigned to plaintiff by operation of section 29 of the Workmen’s Compensation Law for reimbursement to it for compensation moneys heretofore awarded and paid by plaintiff to one John Hitchens, an injured workman.
The amended complaint alleges negligence of the defendant by its failure to shore up a trench which it had opened so that the third-party subcontractor Eckert could install main water lines to a building being constructed on the premises of the Cooperative Q-. L. F. Holding Corporation at Ithaca, New York. The alleged negligence is claimed to be in violation of section 241 of the New York State Labor Law, pursuant to the Rules of the Board of Standards and Appeals thereunder. This allegation of negligence appears to be sufficient in the light of said section and the claimed violation of duties thereunder.
The title of section 241 of the Labor Law is “ protection oe EMPLOYEES ON BUILDING CONSTRUCTION OR DEMOLITION WORK INCLUDING EXCAVATION WORK IN CONNECTION THEREWITH ’ ’.
The introductory paragraph of that section reads as follows: ‘£ All contractors and owners, when constructing or demolishing buildings or doing any excavation in connection therewith ”.
Subdivision 6 of section 241 of the Labor Law reads as follows: ££ The board of standards and appeals may make rules to provide for the protection of workmen in connection with the excavation work for the construction of buildings ”. (Emphasis supplied.)
Subdivision 7 of said section seems to be identical therewith. In any event attention is called for purposes of this motion to the fact that the provision for the protection of workmen is concerned with the excavation work for the construction of buildings and the work of constructing or demolishing buildings, etc. Then also there is reference to the guarding of dangerous machinery used in connection therewith. The very essence of section 241 deals with building construction and excavation work in connection therewith.
In the tenth paragraph of plaintiff’s complaint, it alleges negligence of the defendant by its failure to shore up said trench pursuant to section 241 of the New York State Labor Law, and pursuant to the Rules of the Board of Standards and Appeals thereunder. The complaint then alleges freedom from contributory negligence on the part of the plaintiff or the injured *634 employee John Hitchens. It would seem to this court that the question here presented is whether shoring up an excavated area or trench opened for the installation of main water lines to a building then being constructed is a part of such building within the purview and meaning of said statute. It is elemental under our practice that pleadings are to be construed liberally and more particularly and on a motion, such as the one before us, they are to be given every fair intendment. (Rules Civ. Prac., rule 106.) Also, section 275 of the Civil Practice Act provides as follows: ‘ ‘ construction or pleadings. Pleadings must be liberally construed with a view to substantial justice between the parties.”
It seems to the court that section 241 of the Labor Law very well may cover the plaintiff’s factual situation in this case. Rule 23-2.7 of the said Rules of the Board of Standards and Appeals provided by said section in defining construction work states as follows: ‘ ‘ whether or not such work is performed in proximate relation to a specific building or structure and includes, by way of illustration but not by way of limitation, the work of * * * trenching, pipe and conduit laying ’ ’. (N. Y. Off. Comp, of Codes, Rules & Regulations [13th Suppl.], p. 913.)
To give the above-quoted rule defendant’s construction for purposes of this motion only would fail to give application to the rules above set forth regarding pleadings. Also, this court believes that the situation here presented by the complaint and in the light of said section 241 of the Labor Law and its intents and inclusions, is such that to grant defendant’s motion for dismissal would seem wholly unwarranted.
The court also believes that rule 23-11.2 entitled Shoring and Bracing of Trench excavations and rule 23-11.3 entitled Shoring and Bracing open excavations are in point and applicable to our present situation, inasmuch as they appear to be entirely referable to construction work as defined in rule 23-2.7. Motion to dismiss is denied.